# Richmond

WILLIAM W. DEY v. VIRGINIA TRANSIT COMPANY, ET AL.

April 26, 1948.

Record No. 3321.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Staples and Miller, JJ.

The opinion states the case.

*Rixey & Rixey*, for the plaintiff in error.

*Venable, Miller, Parsons & Kyle, Archibald G. Robertson, T. Justin Moore* and *T. Helm Jones*, for the defendants in error.

STAPLES, J., delivered the opinion of the court.

The plaintiff, Lynda Violet Duck, accompanied by her sister, boarded a bus of defendant, Virginia Transit Company, at the intersection of Boush and Bute streets in the city of Norfolk. Her sister, Mrs. Panzy Ould, entered ahead of her, and while she was in the act of taking her seat the plaintiff was standing by her in the aisle holding on to the back of the seat, waiting until there was room for her to sit beside her sister. The bus started up slowly and then

stopped suddenly, breaking plaintiff's hold on the back of the seat and throwing her with considerable violence to the floor. As a result she sustained substantial injuries. The stopping of the bus was caused by the fact that the co-defendant, Dey, drove his automobile in front of the bus and the driver thought it necessary to stop suddenly in order to avoid colliding with it.

The plaintiff sued both the Transit Company and Dey. The company was charged with negligence in starting the bus before seeing that the plaintiff was in a place of safety and in causing it to come to a violent stop. The charge against Dey is, "That without any warning whatsoever you attempted to make a right turn into Bute Street directly in front of the approaching bus, which had the right of way, and on which said bus plaintiff was a passenger as aforesaid, thereby causing the operator of said bus to apply his brakes and come to a sudden stop to avoid colliding with you."

The jury returned a verdict of $2000 damages against both defendants. Each moved the court to set it aside as contrary to the law and evidence. After maturely considering the motions and arguments of counsel in support thereof, the trial court set aside the verdict as to the defendant, Virginia Transit Company, entered final judgment for it, and rendered judgment on the verdict in favor of the plaintiff against the defendant, Dey. This writ of error was granted to defendant, Dey, who is plaintiff in error here. His codefendant, the Transit Company, and the plaintiff, Mrs. Duck, are defendants in error. The plaintiff in error, Dey, asks that the judgment against him be set aside, first, because not supported by sufficient evidence of negligence on his part, and, second, because of an instruction given over his objection. He also asks, if it is not set aside as to him, that the verdict of the jury against the Transit Company be reinstated and judgment rendered thereon. In this latter request, the plaintiff joins. The Transit Company seeks an affirmance of the judgment of the circuit court.

The following are the circumstances surrounding the accident:

Boush Street runs north and south and intersects Bute Street which runs east and west. The bus was headed south on Boush Street. Its driver pulled up to the right-hand curb of Boush Street a short distance before reaching Bute Street to take on and let off passengers. It was here that the plaintiff and her sister got on. Defendant, Dey, was also traveling southward on Boush Street in the center lane on the left side of the bus. When he reached the intersection he made a right turn into Bute Street, passing directly in front of the bus and about three or four feet ahead of it. He claims that when he started to turn the traffic light was green and the bus was standing still; that he was making about eight, ten, or twelve, miles per hour. He said he saw the bus start while he was making the turn but did not know exactly where his car was at the time he saw it start.

The bus driver testified that after the passengers were aboard "the light changed to green and I started on, and I guess I had gotten out two or three feet and there was an automobile made a right-hand turn right in front of the bus, and I made an emergency stop." Other testimony of this witness is to the effect that he had gotten two or three feet into Bute Street when the car made its turn in front of the bus. "There were no passengers getting on or off when the light turned green." "When I first saw the car, the front of it was making a right-hand turn in front of the bus. I would have hit him in front." "He was making a turn to the extent his tires were making a kind of squealing when he went around."

The only other testimony as to the movements of the bus and Dey's car was that of William W. Knight, who was sitting in his automobile headed east on Bute Street waiting for the red light to turn green. The following are excerpts from his testimony:

"Mr. Dey came around in front of the bus." "Q. Had the bus moved forward? A. Yes, sir. It started up just

as he came around." "Q. Was the bus in motion at the time Mr. Dey made this movement? A. Yes, sir" "Q. When Mr. Dey turned around in front of this bus, where was the bus with reference to this corner? A. Up here three or four feet past the north curb line on Bute. Q. And did he get almost up to the bus? How close was he to the bus? A. The bus started up, and he came out in front of him, and he was pretty close when the bus stopped. Q. Did the bus stop gradually or suddenly? A. He had to stop suddenly to keep from hitting him."

We think the evidence is amply sufficient to sustain the verdict against the defendant, Dey. Even if the bus was standing still when he *started* to make the turn in front of it, this fact would not necessarily exonerate him from negligence.

Section 2154(116) of the Code, 1942 (Michie), so far as here pertinent, provides: "The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle, * * *." A bus operating on the streets of a city, which temporarily stops at street intersections to take on or discharge passengers, is obviously a "vehicle proceeding in the same direction." It was, therefore, the duty of Dey to refrain from driving to the right side of Boush Street until he was "safely clear of such overtaken" bus. It is a matter of common knowledge that, traffic lights permitting, the operators of such buses customarily start them as soon as they have completed the taking on and letting off of their passengers. Dey does not claim that passengers were still getting on or off when he *started* to make the turn. He should, therefore, have anticipated that the bus would immediately resume its journey, and the jury was justified in finding him negligent in turning in front of it under such circumstances.

The plaintiff in error also complains of the giving of the following instruction:

"The Court instructs the jury that it was the duty of

the defendant Dey to operate his automobile in a reasonable, prudent and careful manner; therefore, if you believe that defendant Dey drove his automobile from the center lane of Boush Street, and made a right turn into Bute Street from such lane in front of the moving bus, and that such movement on his part caused the driver of said bus to apply his brakes and come to a sudden stop, and that such action on his part contributed to or was the proximate cause of said accident, then your verdict should be for the plaintiff against the defendant Dey."

Two objections are urged to the instruction. The first is that it might be interpreted by the jury as applying to the time Dey was traveling in front of the bus after he had already entered its path, and before the bus had actually started in motion if the jury found such to be the fact. If this were true, the argument is, the bus driver should have seen him and it was the negligence of the bus driver in starting under such circumstances that was the proximate cause of the injury. The second objection is that the jury might have interpreted it as a statement of fact that the bus was actually in motion when Dey's car entered its path. Neither of these objections is well taken. The court gave eighteen instructions in all, four for the plaintiff, eight for the Transit Company, and six for Dey. We have considered them carefully and conclude that, on the whole, the jury could not have been misled by the instruction complained of.

It is insisted also that it was error to set aside the verdict of the jury against the Transit Company and enter final judgment in its favor; in other words, that if Dey was negligent so was the driver of the bus, and their joint negligence must be considered concurring proximate causes of the injury. An examination of the evidence, however, leads us to the conclusion that we should affirm the action of the circuit court. The undisputed testimony is that the bus came to rest after it had entered the Bute Street intersection and reached a point a distance of two to four feet beyond the Bute Street curb line. This shows that

the bus, after starting its movement, had traveled a distance of five or six feet.  It necessarily traveled at a very slow speed when starting, while Dey's car, according to his own testimony, was making from eight to twelve miles an hour.  If he had been in front of the bus when it started, he would have passed beyond its line of travel before it could have reached the place it stopped.

Dey testified that the bus was standing still when he "started" to make the turn.  His version of where he was when he "started" is vague and indefinite.  It is highly probable that his memory fixes as the time he "started" to make the turn the time he *decided* to make it.  Undoubtedly this *decision* was made before he actually began turning his car.  Only on this hypothesis can his testimony be reconciled with the physical facts.

The reaction of the witness Knight to his observation of the accident is significant.  He was seated in his car on Bute Street, only a few feet from the place the bus was stopped, waiting for the green light.  When he saw Dey's car turn in front of the bus, he tried to get the license number.  He then recognized Dey's car parked a short distance away on Bute Street, Dey having gone into the Wainwright Building.  He then parked his own car, and, after hearing of plaintiff's injury, walked to Dey's parked car and remained there until Dey returned to it.  He then told him that his car, by turning in front of the bus, had caused the plaintiff to be sent to the hospital.  This action of Knight is confirmatory of his testimony relating to the happening of the accident.

Under the circumstances established by the evidence, the jury could not justifiably find the bus driver negligent in not sooner seeing Dey's car making the turn.  The judgment of the circuit court must be affirmed.

*Affirmed.*