LESLIE *v.* ALEXANDER et al.

[No. 63, September Term, 1961.]

*Decided November 14, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*William W. Cahill, Jr.,* and *David R. Cohan,* with whom were *Weinberg & Green* on the brief, for the appellant.

*Amos I. Meyers* for Ethel Alexander, one of the appellees.

*William A. Hegarty,* with whom were *Patrick A. O'Doherty, Frank X. Gallagher* and *George P. Bowie* on the brief, for the Baltimore Transit Company, the other appellee.

HENDERSON, J., delivered the opinion of the Court.

Ethel Alexander, a passenger on a trackless trolley, claiming to have been thrown to the floor and injured when the trolley collided with an automobile, sued the Transit Company and the driver of the automobile. The jury found a verdict against the latter and in favor of the Transit Company, and this appeal is from the judgment entered against the

driver of the automobile. The only questions raised are as to the correctness of the court's charge.

The appellant testified that she was driving north on Carey Street and made a right turn to go east on Mosher Street. There was a trackless trolley at the corner, and she pulled around in front of it, without giving any signal of her intention to make the turn. There was other testimony that the trolley had discharged passengers and started up just as the automobile came by, without giving any preliminary signal. The operator testified he saw the automobile in his rear view mirror and allowed it to pass before leaving the curb lane. The trolley had moved only a few feet when the automobile cut in front, and the operator of the trolley applied his brakes. There was a conflict in the testimony as to whether the trolley was moving, or had stopped, at the time of the impact, which was upon the right rear fender of the automobile.

The appellant contends that the trial court erred in reading to the jury the language of Code (1957), Article 66½, sec. 228 (a): "No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement." She points out that Code (1957), Article 66½, sec. 2 (67) defines vehicle as "(e)very device in, upon, or by which any person or property is or may be transported * * * excepting devices used exclusively upon stationary rails or tracks or propelled by electric power obtained from overhead trolley wires, but not operated upon rails or tracks." She argues that she was not required to give a signal to the trackless trolley, since it is not within the statutory definition of "other vehicle".

But if we assume, without deciding, that the statute was inapplicable so far as the trackless trolley is concerned, it does not follow that the jury could not properly consider, in deciding whether the appellant exercised reasonable care under the circumstances, her failure to give any signal or to ascertain that the turn could be made with reasonable safety. As Judge Markell said for the Court in *Eastern Contractors v. Zinkand,* 199 Md. 250, 255 (a collision at Friendship Air-

port and not on a public highway) : "Older than statutory rules of the road, and of broader application, were, and still are (where statutes are inapplicable), the customs of the road or the customary rules of the road." Cf. *Wallace v. Fowler,* 183 Md. 97, 100. In *Peterson v. Minneapolis St. Ry. Co.,* 31 N. W. 2d 905, 908 (Minn.), the court said that even though the statute read to the jury was inapplicable to streetcars, it "substantially enacts the common-law rule applicable to operators of streetcars, and, in instructing in the language of the statute, the court in effect stated the common-law rule which applied in the absence of a statute."

The appellant further contends that the court erred in failing to give her requested instruction that the operator of a stopped or standing trackless trolley must comply with Code (1957), Art. 66½, sec. 227 forbidding the starting of a "vehicle which is stopped, standing, or parked without giving adequate hand signal to oncoming traffic and until such movement can be made with reasonable safety." The trial court declined to read this section to the jury, but informed counsel that he might "argue what you are requesting * * *. You may argue that to the jury with respect to whether or not the Baltimore Transmit operator exercised due care."

No doubt it would have been preferable for the court to have either read both sections to the jury, or to have declined to read either. We think, however, that there was no prejudicial error. The Court plainly stated the issues to the jury, in terms of whether either or both of the drivers used due care under all the circumstances. Moreover, even if we assume, without deciding, that section 227 applies to trackless trolleys, or states in substance the common-law rule on the subject, the testimony is uncontradicted that the automobile had passed the trolley in the through lane before the operator of the trolley left the curb lane. The automobile was not then in the posture of "oncoming traffic", and it is by no means clear that any signal is required except where a standing or parked vehicle attempts to pull out into another lane. The operator of the trolley testified that he did not give a signal because he did not intend to pull out until after the automobile had passed in the through lane.

It would also appear that the proximate cause of the collision was not the failure of the operator of the trolley to signal his intention to move forward but the fact that the automobile, without signalling the move, left the through lane in a right turn. See *Dey v. Virginia Transit Co.*, 47 S. E. 2d 552 (Va.). At that point the operator of the trolley had no choice except to put on his brakes, and it was this action which caused the appellant, according to her version, to fall to the floor. Cf. *Koester Bakery Co. v. Poller, Etc.*, 187 Md. 324, and *Smith v. Baltimore Transit Co.*, 211 Md. 529. In allowing counsel to argue the point to the jury, it would appear that the ruling was more favorable to the appellant than the evidence warranted.

*Judgment affirmed, with costs.*