# Richmond

## EDWARD LEE, JR. v. JAMES ARTIS.

June 15, 1964.

Record No. 5737.

Present, All the Justices.

*Augustus Anninos* (*Charles H. Gordon; Howell, Anninos & Daugherty*, on brief), for the plaintiff in error.

*Lewis H. Hall, Jr.* and *Larry M. Topping* (*Hall & Fox*, on brief), for the defendant in error.

Spratley, J., delivered the opinion of the court.

This is an action for personal injuries sustained by Edward Lee, Jr., plaintiff, in a collision between an automobile driven by him and an automobile driven by James Artis, defendant. In a trial lasting two days, the plaintiff excepted to numerous rulings of the trial court. There was a sharp conflict in the evidence, each party seeking to show that the negligence of the other was the sole proximate cause of the accident. The jury returned a verdict for the defendant.

In his petition for the writ of error, plaintiff assigned a number of errors, but in his argument at the bar of the court, he relies upon three assignments only. He asserts that the court erred: (1) in permitting a police lieutenant to testify from an automobile accident report filed by a deceased police officer, who investigated the accident; (2) in making improper remarks from the bench in the presence of the jury; and (3) in deleting certain language from plaintiff's requested Instruction No. 1.

In view of the assignments relied on, it will be necessary to relate only so much of the evidence as is explanatory of the questions raised.

The accident occurred on April 7, 1961, at the intersection of Madison avenue and 41st street, in the city of Newport News. C. E. Small, a police officer of that city, went to the scene of the collision, made an investigation, and filed a report thereof with the Traffic Bureau of the Police Department of his city. Small died before the trial of this case.

At the trial Lee testified he told Officer Small that as he drove north on Madison avenue, intending to make a left turn to the west into 41st street, he "saw no one as" he "approached 41st street," and that he did not tell Small that he "saw no automobile before the impact." Lee said that as he neared the intersection, he gave a signal for a left turn, looked to his left down 41st street, where he "could see approximately 75 feet," and saw no car coming; that he then looked to his right; next turned and looked to his left, and saw defendant's car

"coming at a terrific speed;" that he applied his brakes, stopped about 4 feet inside 41st street, leaving sufficient space for the defendant's car to drive by safely; but that, nevertheless, Artis' car struck his car, knocking it approximately 20 feet east of the intersection; and that plaintiff thereby sustained the injuries complained of.

Artis related a different version of the accident placing the blame on Lee.

At the conclusion of plaintiff's evidence, defendant called H. Z. Vandeveer, the police lieutenant in charge of the Traffic Bureau of the city of Newport News, for the purpose of showing that Lee had made a statement to Small which differed from his testimony in the trial of the case. Vandeveer said he knew Small, and was acquainted with the latter's handwriting. He was then asked if he had with him the report of the accident made by Small, and if it contained a statement that Small attributed to Lee. His answer was: "Yes sir." He was then requested to read that statement. Plaintiff objected on the ground that the "introduction of any accident report into evidence" was expressly forbidden by statute. The trial judge examined the report, and after a discussion with counsel ruled that the witness could "read" to the jury from Small's report any statement attributed to Lee with reference to "whether he saw anyone or not." Plaintiff noted an exception. The court explained that Small had numbered plaintiff's vehicle as No. 1 and defendant's vehicle as No. 2. The witness then read from Small's report the following statement attributed to Lee: "No. 1, North on Madison Avenue. No. 2 was behind the intersection; didn't see anyone."

The court held that the quoted excerpt from the statement was introduced "not to prove the truth or falsity of the content of the statement, but as to whether—merely as to whether or not such a statement was made."

The report of Small was not allowed to be filed as an exhibit, and Lieutenant Vandeveer was not permitted to say whether it contained any statement made by Lee relative to the speed of his car.

Under the circumstances, the court erred in permitting Vandeveer to read the statement from the accident report. Vandeveer did not know that the statement attributed to Lee had been actually made by Lee. The report was, in part, a written narrative by one person of what another had said to him. Small's recital was not subject to the tests which can ordinarily be applied to the ascertainment of the truth of the testimony sought. Small's statement lacked the sanction

of an oath and the test of cross-examination. It was clearly hearsay evidence. "Statements otherwise objectionable as hearsay are not rendered admissible because they have been reduced to writing." *Williams* v. *Morris, Adm'x,* 200 Va. 413, 417, 105 S. E. 2d 829.

Moreover, use of the accident report was in violation of Code, § 46.1-409, which, so far as pertinent here, provides that: "Subject to the provisions of § 46.1-407, all accident reports made by investigating officers shall be for the confidential use of the Division [of Motor Vehicles] and of other State agencies for accident prevention purposes and shall not be used as evidence in any trial, civil or criminal, when arising out of any accident. * * *"

The testimony was inadmissible under Code, § 8-293, 1962 Cum. Supp., which expressly provides, subject to the qualifications therein stated, "that in an action to recover for a personal injury or death by wrongful act or neglect, no ex parte affidavit or statement in writing other than a deposition, after due notice, of a witness as to the facts or circumstances attending the wrongful act or neglect complained of, shall be used to contradict him as a witness in the case."

To better understand the background of the second assignment of error, it should be noted that in the brief of counsel for the appellee, it is stated that Lee was a Caucasian and Small and Artis were Negroes.

The record shows that while Lieutenant Vandeveer was under cross-examination by counsel for the plaintiff, this took place:

"Q. Was Officer C. E. Small a member of the white race or colored race?

"A. Colored.

"Mr. Anninos: No further questions.

"Mr. Hall: I have no further questions. I don't know the precise reason—

"Court: I'm going to say this about Officer Small. He was a member of the colored race. I don't know what implication may have been made by—intended by that statement. I want to say now that I personally knew him and I worked with him as Commonwealth Attorney for a number of years and found him to be a competent and capable Police Officer. Lieutenant, you better remain where we can get in touch with you.

"Mr. Anninos: May it please the Court, there was—nothing intended by the asking of the question as far as any—casting any aspersions against any individual. I think this jury has the right to, since he—Mr. Hall brought out the statements and it was then we

brought it out. I think they ought to know all the circumstances in the case and—I feel that perhaps maybe the—the statement made by your Honor to the jury may somehow emphasize something that shouldn't be emphasized.

"Court: Well, if I said it and if it emphasizes anything that shouldn't have been emphasized, sir, it was as a result of your doings. Now I—everybody knows how I stand on certain questions of this type.

"Mr. Anninos: Yes sir.

"Court: But as far as Officer Small being colored or white, it makes no difference to me. He was a very capable and very competent Police Officer and both as a Police Officer and as a man I liked him, white or colored, I liked him. Now everybody knows my feeling about the race questions so there isn't any—I'm not trying to cover up anything there, but be that as it may, whether he was colored or white has no bearing in this case.

"Mr. Anninos: We agree with that last statement, sir.

"Court: You shouldn't have asked the question.

"Mr. Anninos: May it please the court, we—we respectfully request your Honor to make—make some comment to the jury about your remarks because they're coming from the Bench, sir, and—

"Court: Well, my comments to the jury would be as I have made many, many times. I am an ardent segregationist. I don't believe in integration in any iota in any phase of my life but whether Officer Small was white or whether he was colored, he was a capable Police Officer. I don't think I can make it any clearer and whether he is white or whether he is as black as the ace of spades makes no difference in my Court, never has and it never will. You may proceed.

"Mr. Anninos: We note our exception to the Court's remarks.

"Court: You may make your exception and I'll tell you now, don't you ask any more questions like that in my Court."

The trial judge refused to make any explanation of his remarks to the jury, and plaintiff noted his exception. Even if counsel for plaintiff had an improper motive in asking whether Small was a member of the white or colored race, this did not justify the remarks of the trial judge in expressing his opinion as to the integrity and credibility of Officer Small. The trial judge could have readily and simply instructed the jury that the race of the litigants had nothing whatever to do with the merits of the case, and admonished counsel to refrain from injecting the race issue in the proceeding. In acting as he did, the trial judge made himself a character witness for the

deceased officer; and, in effect, told the jury that they would be justified in believing that Lee made the statement attributed to him in Small's report.

It will be remembered that Lee admitted that he made a statement to Small. It is not clear from Small's report precisely what that statement referred to as to time and place. A clear purpose of its admission in evidence was to show a conflict between the testimony of Lee and his alleged prior statement to Small.

We have repeatedly held that a judge when engaged in a trial before a jury should studiously abstain from expressing or indicating by word, deed, or otherwise, his personal views upon the credibility of a witness or the weight or quality to be attached to the evidence. It is the duty of the trial judge to interpret and apply the law, and it is the peculiar duty of the jury to evaluate the evidence. Any comment of a judge which may have a tendency to indicate his belief in the integrity of a witness or in the credibility of the evidence is improper and should be avoided. *Jones* v. *LaCrosse*, 180 Va. 406, 410, 23 S. E. 2d 142 and cases cited; *Skipper* v. *Commonwealth*, 195 Va. 870, 879, 80 S. E. 2d 401; *Spence* v. *Miller*, 197 Va. 477, 482, 90 S. E. 2d 131; 19 Mich. Jur., Trial, § 4, page 4; 53 Am. Jur., Trial, § 82, page 80, and § 93, page 84; 88 C. J. S., Trial, § 50 c, page 134.

We find no error in the deletion of the language, "and will be probably caused hereafter from such injuries," from Section (e) of requested Instruction No. 1, relating to the measure of damages. The plaintiff's physician had testified that his patient had made a good recovery, and there was no evidence whatever of any probable further damages from his injuries.

For the reasons stated, the judgment of the trial court is reversed, verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*