# CIRCUIT COURT OF THE CITY OF RICHMOND

Estelle Lewis

v.

Virginia Fork
Produce, Inc., et al.

August 21, 1997

Case No. ML-4526

BY JUDGE JAMES B. WILKINSON

*Facts*

Plaintiff Lewis and Defendant Bailey were involved in an automobile accident in the early morning of July 15, 1994. After the plaintiff exited her vehicle, a tractor-trailer, owned by Defendant Virginia Fork Produce Company and operated by Defendant Holley, collided with the Plaintiff's vehicle which then made contact with and injured the Plaintiff. Defendant Holley was interviewed later that afternoon regarding the accident by R. Cody Whittington, a claims adjuster for Lindsey Morden Claims Service. Defendant Holley's oral statements were tape recorded. Notes were taken by R. Cody Whittington and a report was prepared by him summarizing Defendant Holley's statements.

Defendants Virginia Fork Produce Company and Holley have filed a Motion in Limine to exclude the oral statements made by Defendant Holley to R. Cody Whittington and to exclude any reference to the statements including the deposition testimony of R. Cody Whittington, unverified Answers to Plaintiff's First Set of Interrogatories to Defendant Virginia Fork Produce Company, and unverified Answers to Plaintiff's First Set of Interrogatories to Defendant Holley. Defendants Virginia Fork Produce Com-

pany and Holley have cited § 8.01-404 of the Code of Virginia as grounds for excluding the evidence. Plaintiff Lewis and Defendant Bailey have objected to the motion.

### Issue

Whether the statements made during the oral interview by Defendant Holley to R. Cody Whittington regarding the accident and any references to such statements are to be excluded under § 8.01-404 of the Code of Virginia.

### Discussion

Virginia case law has established that the provisions of § 8.01-404 of the Code of Virginia "are confined to the contradiction of a witness by the introduction of a prior inconsistent statement in writing." *Harris v. Harrington*, 180 Va. 210, 220 (1942). The statute's purpose is to prevent claim adjusters from obtaining "written statements from all eye-witnesses" which are not fully correct or which are obtained while the witnesses are still under shock from the accident and do not fully possess their faculties. *Id.* The statute disallows the unfair practice of allowing such signed statements to impeach a testifying witness. *Id.*

"The statute was intended to correct these abuses . . . . but it was never intended to prohibit the proof of prior inconsistent statements by oral testimony." *Id.* The statute permits fact finding through oral examination of a testifying witness by preventing the influence of "an ex parte written statement which has been prepared by an interested party for the purpose of introducing it in evidence." *Id.*

The exclusionary sentence of § 8.01-404 has consistently been applied only to written documents "either signed by the witness or in the handwriting of the witness." *Scott v. Greater Richmond Transit Co.*, 241 Va. 300, 303 (1991). The only exception, *Lee v. Artis*, 205 Va. 343 (1964), where a police officer summarized in writing the plaintiff's oral statement, was expressly overruled in *Scott* to the extent of the application of § 8.01-404. *Scott*, 241 Va. at 304. The court in *Scott* held that a bus company investigator was properly permitted to read to the jury a writing he had made regarding a witness's oral statement about a bus accident. *Id.* at 305. The court further held that such past recollection recorded "may be read into evidence but may not be received as an exhibit unless offered by an adverse party." *Id.* (citing Fed. R. Evid. 803(5)).

Virginia case law has clearly established that § 8.01-404 applies only to statements written by or signed by a witness. A testifying witness who has reduced an eye-witness's oral statements to writing may testify as to what was said and may read the past recollection recorded to the jury during testimony. Virginia case law has determined that a writing made from the recorded statements may not be submitted as an exhibit to be taken to the jury room.

## Conclusion

The Court holds that § 8.01-404 of the Code of Virginia does not apply to the oral statements made by Defendant Holley to R. Cody Whittington. Furthermore, § 8.01-404 does not apply to any references to the oral statements. The writings made by R. Cody Whittington summarizing Defendant Holley's oral statements may be read during R. Cody Whittington's testimony as past recollection recorded but may not be submitted as an exhibit. Defendants' Motion in Limine is denied.

## Order

On August 18, 1997, came the defendants, Virginia Fork Produce Company, Inc., and Mullen Matthew Holley, by counsel, and this case came on to be heard upon the defendants' Motion in Limine and was argued by counsel for the defendants.

Whereupon, the Court having taken the matter under advisement, and now having fully considered the evidence, and for the reasons in this Court's Memorandum Opinion dated this 21st day of August, 1997, it is ordered that the defendants' Motion in Limine be denied.