# CIRCUIT COURT OF LOUDOUN COUNTY

Randall S. Peyton

v.

Countryside Orthopaedics, P.C.,
and Raymond Lower

December 15, 1998

Case No. (Chancery) 18157

BY JUDGE JAMES H. CHAMBLIN

The trial of the above case is still ongoing and will resume on January 6, 1999. On November 30, 1998, the Defendants called Claire Pettrone as a witness. During the course of her testimony, she was asked about a telephone conversation she may have had with Dr. Randall Peyton's wife on October 3, 1997. Although Ms. Pettrone recalls talking to Mrs. Peyton on the telephone, she had no direct recollection of this specific telephone conversation. The Defendants then sought to introduce into evidence as Defendants' Exhibit 53 a handwritten memorandum of Ms. Pettrone that purports to concern her telephone conversation with Mrs. Peyton on October 3, 1997. After allowing Ms. Pettrone to testify about the memorandum, I took the issue of its admissibility under advisement.

For the reasons stated hereafter, Defendants' Exhibit 53 will not be admitted into evidence.

In *Scott v. Greater Richmond Transit Co.*, 241 Va. 300 (1991), the Virginia Supreme Court adopted the requirements of *McCormick on Evidence*, § 299 (E. Cleary 3d ed. 1984), for use of the past recollection recorded exception to the hearsay rule. They are as follows:

[T]he witness must have had firsthand knowledge of the event, (2) the written statement must be an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it, (3) the witness must lack a present recollection of the event, and (4) the witness must vouch for the accuracy of the written memorandum.

241 Va. at 304.

The testimony of Ms. Pettrone does establish the first three elements. However, she did not vouch for the accuracy of the memorandum. Therefore, the statements contained in the memorandum are not admissible in evidence.

Although the Plaintiff did not argue the point, in *Scott*, the Virginia Supreme Court also held that, under the past recollection recorded exception, the memorandum containing the statement covered by the exception is not itself admissible as an exhibit. 241 Va. at 305. As in the *Scott* case, the Plaintiff probably waived an objection that the memorandum itself is not admissible as an exhibit by not stating this specific ground at trial.

The Plaintiff did, however, state another valid objection when he objected to the statements in the memorandum made by Mrs. Peyton as being hearsay. Mrs. Peyton's statements constitute hearsay within hearsay. They are out-of-court statements offered for the truth of what is asserted. Hearsay within hearsay is admissible only if each part of the combined statement meets an exception to the hearsay rule. *Eckhardt v. Commonwealth*, 222 Va. 213 (1981).

The declarations of a spouse are not *per se* admissible against the other spouse under the vicarious party admission exception to the hearsay rule. *First National Bank v. Holland*, 99 Va. 495 (1901). Such declarations may be admissible under another theory, such as agency or another hearsay exception. Friend, *Law of Evidence in Virginia*, § 18-40 (4th ed. 1993). No other hearsay exception is applicable in this case. There is no evidence that Dr. Peyton had actual or constructive knowledge of his wife's statements or that she made the statements with his express or tacit consent.

The statements of Mrs. Peyton are, therefore, not admissible under either the vicarious party admission exception or the past recollection recorded exception to the hearsay rule.

The rulings herein have no effect on my denial of the Plaintiff's motion to strike made at the conclusion of the Defendants' evidence.