# Richmond

## EVELYN HICKS v. COMMONWEALTH OF VIRGINIA.

October 13, 1941.

Record No. 2461.

Present, All the Justices.

The opinion states the case.

*William T. Parker,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

At the September term, 1940, of the Hustings Court of the City of Portsmouth a special grand jury returned into court an indictment in which it was charged that Evelyn Hicks in January of that year did by violence to the person of one Landon McCormick rob him of $9.30. On the 24th day of September, 1940, she was tried and found guilty, the jury's verdict being that she should be confined in the penitentiary for a term of eight years. That verdict the court confirmed.

Our statute provides that robbery by violence to the person shall be punished with death, or confinement in the penitentiary for life, or for any term not less than eight years. Code, section 4405.

When this case was called for trial and when the prisoner was brought into court, this occurred:

"Questions by the Honorable K. A. Bain, Judge of the court:

"Q. Do you have a lawyer? A. No, I do not.

"Q. Do you know what you are to be tried for? A. They say I took some money from a man.

"Q. Do you want to be tried by a jury or the court? A. I don't know Judge, whatever you think about it.

"Q. It is not for me to say. Are you going to plead guilty or not guilty? A. Well, Judge, I am guilty of fighting with the man, but I did not take any money from him.

"Q. Do you know that if you plead guilty, you may face from five to eight years or more in the penitentiary? A. No, sir. I do not want that.

"The court: I shall appoint a lawyer to defend you.

"Prisoner: All right.

"The court: Mr. I'Anson, are there any lawyers present?

"Mr. I'Anson: Yes, your Honor. Mr. William T. Parker is here.

"The court: Mr. Parker, this girl does not have a lawyer, and I am going to appoint one for her. It is not much to this case, and if you want to talk to her, the court will allow you a five dollar fee.

"Mr. Parker: I'll talk to her in the jury room.

"After an interval of fifteen minutes, Parker came before the bar with the prisoner.

"Mr. Parker: Your Honor, inasmuch as the conversation between the court and the prisoner was within the hearing of the jury, I must respectfully ask the court to grant me a continuance of this case until a new jury can be secured, or to the next term of the court.

"The court: I do not think that my remarks have prejudiced you in any way.

"Mr. Parker: I think that it has, your Honor, inasmuch as your Honor has made the remark that it was not much to this case.

"The court: Your motion is overruled.

"Mr. Parker: I except to the ruling of your Honor."

From this it might be inferred that a jury had been called before the accused was brought into court and certainly before counsel to defend her had been appointed. This jury might have thought that the Judge had no confidence in her case and that there was little to be said on her behalf, even though a death penalty might be imposed, a state of mind probably brought about by the fact that two of her alleged co-conspirators had already been convicted in his court. A "five dollar fee" in itself would indicate that the Judge thought that there was "not much to this case". Whatever may have been his reasons, his observations were injudicious and might have been harmful.

In *Pinn* v. *Commonwealth,* 166 Va. 727, 186 S. E. 169, Mr. Justice Eggleston has accurately restated the law in Virginia on this subject.

"As Judge Burks said in *Mazer* v. *Commonwealth,* 142 Va. 649, 653, 128 S. E. 514, 515: 'The high official position of the trial judge in a criminal case gives great weight, with the jury, to his words and conduct, and it is incumbent upon him to guard against any manifestations of his opinion either upon the weight of the evidence or the credibility of the witnesses. "All expressions of opinions, or comments, or remarks, upon the evidence, which have a tendency to intimate the bias of the court with respect to the character or weight of the testimony, particularly in criminal cases, are watched with extreme jealousy and generally considered as invasions of the province of the jury." *Dejarnette* v. *Commonwealth,* 75 Va. 867, 874. He should preside with impartiality and "not express or intimate an opinion as to the credibility of a witness or as to controverted facts". There are numerous cases to this effect.'"

Since there must be a new trial, we shall not discuss the evidence. The judgment of the lower court must be set aside, and this case is remanded for a new trial.

*Reversed and remanded.*