# Richmond

## MAURICE E. JONES v. TOWN OF LACROSSE.

December 7, 1942.

Record No. 2634.

Present, All the Justices.

The opinion states the case.

*W. Henry Cook*, for the plaintiff in error.

No appearance for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On November 15, 1941, Maurice E. Jones, the defendant, was arrested and charged with operating a motor vehicle within the town of LaCrosse, Virginia, while under the influence of intoxicants. The arrest was made by G. E. Adams, the town sergeant, and David Poythress, a citizen who had been deputized by the town sergeant to assist him, immediately after Jones had alighted from his truck.

Jones was at once taken to the jail, accompanied by Adams and Poythress. Upon arrival at the jail, Adams and Poythress found themselves in disagreement concerning the defendant's condition. The town sergeant contended that Jones was under the influence of intoxicants, while Poythress insisted that he had seen "nothing out of the ordinary about anything

the defendant had said or done," and that Jones was not under the influence of intoxicants.

The defendant was tried and by a jury found guilty. From a judgment approving that verdict, he appeals.

There are several assignments of error, but the principal and material assignment is the admission of evidence relating to the general character and reputation of the defendant when the defendant did not first offer evidence of his good reputation.

Fifteen witnesses testified in the case, seven for the prosecution and eight for the defense. All of the witnesses had full opportunity to observe the defendant immediately preceding, or shortly subsequent to, the time of the alleged offense. Of the seven witnesses testifying for the prosecution, including the town sergeant, several said that Jones was under the influence of intoxicants. The remainder thought that, perhaps, he had taken a drink of whiskey or a bottle of beer. The eight witnesses for the defense, including the defendant and Poythress, testified directly and positively that the defendant was in his normal condition and that he was not under the influence of intoxicants.

Although the defendant did not, directly or indirectly, at any time, offer evidence of his good general reputation, the record shows several attacks upon his general character as a man addicted to the use of alcoholic beverages and a driver of a vehicle while under the influence of intoxicants upon former occasions. To all such attacks the defendant made due and proper objections.

During the trial, the witness, Adams, was asked upon his re-direct examination by the Attorney for the Commonwealth if he had not, before November 15, 1941, once warned Jones not to operate an automobile while under the influence of intoxicants. Notwithstanding the objection of the defendant, the trial court allowed the witness to answer that he had so advised the defendant about a year ago. The objection was overruled on the ground that the question and answer did not put the defendant's reputation in issue; but was in response to the cross-examination of the witness, by defend-

ant's counsel attempting to show ill will towards the defendant, and was admissible for the sole purpose of showing that the witness did not have such ill feeling. Subsequently, the Commonwealth's Attorney, in the cross-examination of the defendant, asked the latter if the town sergeant had not, on one occasion, warned him against driving in the corporate limits of the town while intoxicated, and if he did not consider this a friendly act on the part of Adams. The trial court sustained an objection to this question and instructed ing, or shortly subsequent to, the time of the alleged offense. not they could try the case as if the question had not been asked. Upon a satisfactory reply from each of the members of the jury, a motion for a new trial was denied.

Again, upon examination of a witness introduced for the prosecution, the Attorney for the Commonwealth, over the objection of the defendant, asked the following questions and received the following answers:

"Mr. Shaw, you have known Mr. Jones for some time, haven't you?"

"Yes."

"You have seen Mr. Jones driving under the influence of whiskey before, haven't you?"

"Yes."

The trial court, after the answers had been given, sustained the objection of the defendant, and then polled the jury for the second time to ascertain whether or not they could ignore this testimony.

The trial court then intervened in the examination of this witness, asked him the following questions, and received the following answers:

"You have seen him under the influence of intoxicants, haven't you?"

"Yes."

"And you have seen him sober?"

"Yes."

"And he looks different now from what he did on the day of his arrest?"

"Yes."

The defendant duly objected to the questions asked by the trial court and to their form, on the ground that they were such as to indicate that he was an habitual user of intoxicants, which objection the trial court overruled.

At the conclusion of all the evidence, the court, of its own motion, instructed the jury to disregard the testimony of the witness, Adams, with respect to the previous warning given by him to the defendant, the answers to the questions asked the witness, Buck, as to whether or not he had seen the defendant driving under the influence of intoxicants, and also the question asked the defendant by the Commonwealth's Attorney as to a warning by Adams not to drive while intoxicated. Again, the jury was polled as to whether or not they could try the case as if they had not heard the foregoing questions and answers. The jurors having replied that they could, a motion for a new trial was again denied.

[1] No rule is better settled in Virginia than the rule that evidence of bad general reputation cannot, in the absence of statute, be offered by the Commonwealth, unless the accused has put such character in issue by first offering evidence of his good general reputation. *Walker* v. *Commonwealth*, 1 Leigh (28 Va.) 574; *Culbertson* v. *Commonwealth*, 137 Va. 752, 119 S. E. 87; *Harold* v. *Commonwealth*, 147 Va. 617, 136 S. E. 658. See Digest of Va. and W. Va. Reports (Michie) Vol. 3, Criminal Law, section 101, and cases cited.

It is well, too, to remember that in Virginia, it is the duty of the trial judge to interpret and to apply the law; but it is the peculiar duty of the jury to evaluate the evidence. A judge must not express or indicate, by word or deed, an opinion as to the credibility of a witness or as to the weight or quality of the evidence. Any question or act of the judge which may have a tendency to indicate his thought or belief with respect to the character of the evidence is improper, and should be avoided. The impartiality of the judge must be preserved in form and in fact. Our rule as to this has been recently restated by Mr. Justice Eggleston in *Pinn* v. *Commonwealth*, 166 Va. 727, 186 S. E. 169, and by Mr. Jus-

tice Hudgins in *Anthony* v. *Commonwealth*, 179 Va. 303, 18 S. E. (2d) 897. See also *Mazer* v. *Commonwealth*, 142 Va. 649, 128 S. E. 514; *Parsons* v. *Commonwealth*, 154 Va. 832, 152 S. E. 547; *Hicks* v. *Commonwealth*, 178 Va. 261, 16 S. E. (2d) 639.

All evidence relating to the character of the accused, under the circumstances of this case, was inadmissible. The question here was not whether the defendant was a drinking man or had partaken of drink on other occasions while driving. The sole issue was whether or not the defendant operated his motor vehicle while under the influence of intoxicants on November 15, 1941. The evidence thereon was so directly in conflict and balanced that any evidence reflecting on the character of the defendant for drinking could have no other effect than to confuse the jury on the real issue. See *Taylor* v. *Commonwealth*, post p. 413, this day decided.

The repetition of the improper questions, requiring objections and exceptions by the defendant, and the repeated pollings of the jury but served to emphasize the character of the evidence sought to be elicited and to make its effect upon the minds of the jurors more pronounced. The implications from the objectionable questions and answers could no more be overlooked by the jurors than could be obliterated the scars from nails withdrawn from the heart of an oak.

Under the circumstances of this case, it was hardly a friendly act on the part of the Commonwealth to undertake to show the warning given by the town sergeant to the defendant. If it was a friendly warning when made, its subsequent disclosure to the jury perverted the intention of the original act, for it was then made to aid in the conviction of the defendant upon a criminal charge.

It was wrong for the Commonwealth's Attorney to question the reputation of the accused. It was worse to continue such an examination on two further occasions, and it was prejudicial for the trial judge to intervene with questions relating to the same inadmissible evidence. The setting and background were such that the effort of the trial judge to

remove the objectionable matter from the minds of the jury could not be expected to be successful.

The judgment of the lower court must be set aside, and this case is remanded for a new trial.

*Reversed and remanded.*