## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### Everett D. Spence v. Willie E. Miller.

November 28, 1955.

Record No. 4424.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Rixey & Rixey*, for the plaintiff in error.

*White, Ryan & Reynolds*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

■ Willie E. Miller brought this action for damages against Everett D. Spence for injuries received when a motor scooter ridden by Miller collided with an automobile driven by Spence. He recovered a verdict and judgment which Spence seeks to have reversed on the grounds that he, the defendant, was not guilty of negligence; that the plaintiff, Miller, was guilty of contributory negligence, and that the court erred in commenting on the defendant's testimony.

The accident occurred on Bainbridge Boulevard in South Norfolk about noon on March 11, 1954. The day was a little cloudy but the street was dry. Bainbridge runs north and south, is level and smoothly paved, 36 feet wide between curbs, and divided into two traffic lanes by a solid white line in the middle at the place of collision, which was between the intersection of Bainbridge by Holly street on the south and Park avenue on the north.

On the east side of Bainbridge and extending north several hundred feet from Holly is a large parking lot in front of a grocery store. There is an entrance driveway to this parking lot approximately one hundred fifty feet north of Holly. On the west side of Bainbridge is Browning's store, located diagonally across from and around fifty feet farther north than the driveway.

The defendant had parked his automobile at the curb in front of Browning's store, headed south. He got into it, put out his hand to signal a left turn and proceeded southwardly on an arc or curve toward the center of the street, intending to enter the driveway, turn in the parking lot and go north on Bainbridge. As he made this movement and was crossing the east, or northbound, lane of Bainbridge, the motor scooter ridden by the plaintiff going north in the northbound lane collided with defendant's car and the plaintiff was injured.

As usual the parties differ sharply as to who was at fault. The plaintiff testified that immediately after the collision the defendant said it was his, the defendant's, fault, which the defendant denied. The defendant told a police officer, who heard the crash when he was about three hundred feet away, that he did not see the plaintiff until the impact occurred because his vision was obscured. A group of three girls and three boys had started across the street from west to east and were about the center of the street as defendant crossed.

Defendant said his vision was obscured by them. The evidence indicates that there was no other traffic. The defendant also testified, however, that he looked to his right toward Holly street when he pulled away from the curb at Browning's store and did not see anyone coming then, but that he did not know whether he looked again after that. He could not say whether he looked to his right when he got to the middle of the street, and stated that he had no idea as to when he last looked in the direction from which the plaintiff came.

It was of course the duty of the defendant to keep a proper lookout in driving his automobile across the street, and particularly it was his duty to look to his right as he approached the center of the street and was about to drive across the northbound lane. Without looking he could not know whether traffic was approaching close enough to make it dangerous for him to go ahead. Before turning across the path of oncoming traffic it was his duty to give a proper signal and to use reasonable care to see that he could proceed with safety. Code § 46-233; *Smith* v. *Clark*, 187 Va. 181, 189, 46 S. E. (2d) 21, 24. Whether the defendant was negligent in the performance of his duties was a question for the jury under the evidence. That much was virtually conceded in the argument at bar.

A much closer question is whether as a matter of law the plaintiff was guilty of contributory negligence. That depends on whether reasonable men could differ as to the facts proved by the evidence and the fair inferences therefrom. The jury's verdict has settled the conflicts and the evidence must be considered in the light most favorable to the plaintiff. *Marks* v. *Ore*, 187 Va. 146, 152, 45 S. E. (2d) 894, 896; *Kidd and Taylor* v. *Little*, 194 Va. 692, 695, 74 S. E. (2d) 787, 789. The point in the street where the collision occurred is a material question and is in conflict. The defendant and his witnesses testified that the plaintiff drove his motor scooter against the rear of the defendant's automobile just as it was clearing the street and the rear wheels were in the drain on the east side. Defendant contends that the collision occurred because the plaintiff failed to look or failed to heed what he saw or should have seen. The police officer said the plaintiff told him he did not see the automobile until just as he struck it or was practically upon it.

It is not disputed that the collision occurred in the plaintiff's lane of travel. He testified that he was operating a Cushman motor scoot-

er having two wheels about eighteen inches high. The same make of vehicle was referred to in *Kidd and Taylor* v. *Little, supra,* as resembling a miniature motorcycle. The plaintiff testified that he was traveling at fifteen to twenty miles an hour in his proper lane, about six feet out from the curb, and looking ahead when he saw the defendant's automobile "about to pop its nose over the line." Plaintiff was then from twenty to twenty-five feet away, he testified; the automobile kept on coming, plaintiff applied his brakes and tried to turn to his left "to whip around him," but hit the right rear wheel of the automobile in about the middle of the northbound lane.

Other testimony corroborated the plaintiff's version. The police officer testified that the dirt from the impact was about eight feet from the plaintiff's right-hand curb. After the collision the brake pedal on the scooter was fully depressed and the brake band was locked on the rear wheel. The scooter left a skidmark on the pavement about three feet long. Curiously enough nobody inquired where it was.

Of the group of young people who were crossing the street, the three girls were standing at the center line a few feet south of the driveway as the plaintiff approached, with the boys a little in front. Just before the plaintiff reached this group one of the boys ran across the road in front of him and the other two "hollered" at the plaintiff, who glanced around at them just before the collision occurred. The three girls supported the plaintiff's testimony as to his speed and position in the street. The three boys corroborated the defendant.

The question of plaintiff's negligence turns on whether he used reasonable care to keep a proper lookout and to avoid the collision after he saw or should have seen the defendant's car in front of him. He testified that he was looking ahead. He did not see the defendant's signal for a left turn and did not see his car until it was at the white line. He was not required to anticipate that a car would be crossing the street in front of him at that point, and the jury could say that he was not negligent in not sooner seeing and realizing that it was turning into his lane. He was primarily and properly concerned with traffic in his own lane. While he said the group in the street did not obstruct his vision, yet his attention should have been and apparently was on avoiding striking them, particularly since one of them had run across the road in front of

him. If he was only twenty-five feet away when defendant entered his lane at ten miles an hour (as defendant put his maximum speed), and he himself was then going twenty miles an hour, it could reasonably be said that there was no opportunity for him to do more than apply his brakes and swerve to the left, as he said he did. We conclude that whether plaintiff was guilty of contributory negligence was for the jury to decide. *Marks* v. *Ore, supra; Kidd and Taylor* v. *Little, supra.*

█ In the course of a vigorous cross-examination the defendant was being questioned as to whether he saw the plaintiff or the young people in the street. He answered that he did not see the plaintiff but did see the young people. Then this from plaintiff's counsel: "Q. You saw nobody. You mean you just took a look generally, knew some people were down there and that is the last thought you paid to it? Is that what you mean?" He answered, "No, it isn't what I mean." Defendant's counsel objected to further cross-examination on the point on the ground that the witness had been over and over the same subject, whereupon the court said:

"Mr. Rixey, it has been my observation—and since you bring the point, I will have to say this—it has been my observation that he has been rather reluctant to give straightforward answers, and for that reason, if for no other, I think he is entitled to inquire further, and particularly because, of course, he is on cross-examination."

The cross-examination continued for a few minutes and it being time for adjournment for the day the jury were released. Thereupon defendant's counsel moved the court to declare a mistrial on the ground that the court had improperly commented on the defendant's testimony. The motion was overruled and defendant excepted. In the discussion of the motion the court stated that it purposed to explain to the jury next morning what was meant by the word "straightforward." Defendant's counsel objected on the ground that the proposed statement would accentuate the matter, but added that if the court would instruct the jury to disregard its comment, that might be a different proposition. Next morning the court offered to explain its use of the word "straightforward" and tell the jury the court did not mean thereby to reflect on the credibility of the defendant. Defendant's counsel responded that he did not think the error could be corrected in the way suggested and again moved for a mistrial. The court inquired whether there was any other statement that counsel for defendant desired the court to make in ex-

planation of its remarks, but counsel declined to make any suggestion and stood on his motion for a mistrial.

In *Jones* v. *LaCrosse*, 180 Va. 406, 410, 23 S. E. (2d) 142, 144, the rule long established in this jurisdiction as to the functions of judge and jury in a jury trial is stated thus:

"It is well, too, to remember that in Virginia, it is the duty of the trial judge to interpret and to apply the law; but it is the peculiar duty of the jury to evaluate the evidence. A judge must not express or indicate, by word or deed, an opinion as to the credibility of a witness or as to the weight or quality of the evidence. Any question or act of the judge which may have a tendency to indicate his thought or belief with respect to the character of the evidence is improper, and should be avoided. The impartiality of the judge must be preserved in form and in fact. * *." See also *McDowell's Ex'or* v. *Crawford*, 52 Va. (11 Gratt.) 377, 402 ff.; *Petherbridge* v. *Princess Anne County*, 136 Va. 54, 64, 116 S. E. 359, 362; *Skipper* v. *Commonwealth*, 195 Va. 870, 879, 80 S. E. (2d) 401, 406; *Dye* v. *Rathbone*, 102 W. Va. 386, 135 S. E. 274.

That the impartiality of the trial judge in this case was preserved in fact is clearly demonstrated by his efforts to correct his statement, and no less clearly shown throughout the entire record before us. It was, however, the duty of the court to make it clear to the jury that he was expressing no opinion as to the credibility of the defendant and to make sure that what he had said would not influence the jury in its consideration of the defendant's evidence. Whether that procedure would be agreeable to counsel was beside the point, and defendant's counsel did not waive his right to insist on his motion by not accepting the court's suggestion. The responsibility was the court's. Whether the impression the jury may have received from the court's statement was open to correction by proper proceedings is not before us because no statement was made or proceeding had to that end.

In view of the closeness of the case on the facts, we cannot say that the comment of the court did not prejudice the defendant before the jury. Error is presumed to be prejudicial unless it plainly appears that it could not have affected the result. *Kimball & Fink* v. *Borden*, 95 Va. 203, 207, 28 S. E. 207; *Joyner* v. *Commonwealth*, 192 Va. 471, 477, 65 S. E. (2d) 555, 558. The judgment appealed from is therefore reversed and the case remanded for a new trial.

*Reversed and remanded.*