COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued by teleconference


RICHARD HOWARD BUTRY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0155-00-2         JUDGE NELSON T. OVERTON
                                         APRIL 17, 2001
CITY OF RICHMOND


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            David P. Baugh for appellant.

            David Lassiter, Jr., Assistant Commonwealth's
            Attorney, for appellee.


     Richard H. Butry, appellant, appeals his misdemeanor

conviction of trespass, in violation of City of Richmond

Ordinance § 8-203.  Appellant claims the trial court erred by

improperly commenting on the evidence and by refusing

appellant's instruction on the defense of advice of counsel.  We

agree the trial court improperly commented on the evidence and

reverse for that reason.  We disagree, however, the trial court

erred by refusing the requested instruction.  Therefore, we

reverse, in part, and affirm, in part, the judgment of the trial

court and remand the case for a new trial.

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

FACTS

In 1996, appellant was convicted of public nudity in the City of Richmond parks. In 1998, appellant was convicted in the City of Richmond General District Court for trespass. The issue in the matter was whether appellant had been banned from the city parks as a result of the 1996 conviction. Appellant appealed the 1998 case to circuit court and, before the matter came before the court for trial and without appearance of appellant or his counsel, the circuit court entered a nolle prosequi on the charge.

After the 1998 trespass charge was resolved by nolle prosequi, appellant's defense counsel, Eric White, advised him he was no longer banned from the city parks. Appellant was again arrested for trespass, the subject of this appeal. At trial in the circuit court, White testified he told appellant, because the matter had been dropped, he could return to the parks. Appellant stipulated he was in fact banned, but argued he did not have the requisite intent to trespass based on his good faith belief he was no longer banned.

While White was testifying, the trial judge interrupted, without objection by the Commonwealth, and stated, "Just tell him what I told Mr. Butry. I remember the case very well." When asked whether White had told appellant he was no longer

banned, and replying in the affirmative, the following exchange took place:

> THE COURT: He gave him poor advice, Mr. Baugh. That has nothing to do with it.
>
> MR. BAUGH: Excuse me?
>
> THE COURT: Just because he gave him bad advice, that has nothing to do with it.
>
> MR. BAUGH: No, Your Honor, that's not – it doesn't matter whether it's bad advice. Under a bona fide claim of right the Court is well aware, advice of counsel, two jury instructions which you're about to see, if people in good faith rely upon the representations of counsel, provided they give sufficient information, and two, if the defendant had a reasonable understanding, then that negates intent. . . .
>
>    \*      \*      \*      \*      \*      \*      \*
>
> THE COURT: We will cross that bridge. The law is clear what you have introduced to me. It must be given by the director in writing.

Later in the case, White was attempting to clarify an answer by explaining the de novo appellate process in Virginia, when the trial judge again interrupted and pointed out that the appeal of the 1998 case was not taken within ten days of the date on the back of the warrant. The trial judge further stated, "Mr. White should have checked the record book before he came over here." In a subsequent exchange, the trial judge referred to the appeal as "a late appeal." Before the jury retired to deliberate, one juror asked whether the appeal was

- 3 -

late.  The trial judge responded she should not consider that issue.

During another exchange, the trial judge directed White to "[j]ust give us an answer . . . please."  Baugh indicated White was trying to answer the question.  The trial judge responded, "No, he's not."  The trial judge twice stated during these exchanges that he was not commenting on White's credibility and that that issue was one for the jury.

### TRIAL JUDGE'S CONDUCT

> In Virginia, the distinctions between the role of judge and jury are well established: "[I]t is the duty of the trial judge to interpret and to apply the law; but it is the peculiar duty of the jury to evaluate the evidence.  A judge must not express or indicate, by word or deed, an opinion as to the credibility of a witness or as to the weight or quality of the evidence.  Any question or act of the judge which may have a tendency to indicate his thought or belief with respect to the character of the evidence is improper, and should be avoided. The impartiality of the judge must be preserved in form and fact."

Brown v. Commonwealth, 3 Va. App. 101, 106, 348 S.E.2d 408, 411 (1986) (quoting Jones v. Town of LaCrosse, 180 Va. 406, 410, 23 S.E.2d 142, 144 (1942)).  If the trial judge improperly comments on or suggests such an opinion, the "[e]rror is presumed to be prejudicial unless it plainly appears that it could not have affected the result."  Spence v. Miller, 197 Va. 477, 482, 90 S.E.2d 131, 135 (1955).

- 4 -

> "Criminal intent is an essential element of
> the statutory offense of trespass, even
> though the statute is silent as to intent,
> and if the act prohibited is committed in
> good faith under claim of right . . .
> although the accused is mistaken as to his
> right, . . . no conviction will lie . . . ."
> Therefore, one cannot be convicted of
> trespass when one enters or stays upon the
> land under a bona fide claim of right.  A
> good faith belief that one has a right to be
> on the premises negates criminal intent.

Reed v. Commonwealth, 6 Va. App. 65, 71, 366 S.E.2d 274, 278

(1988) (citations omitted).  "[A] bona fide claim of right is a

sincere, although perhaps mistaken, good faith belief that one

has some legal right to be on the property."  Id.

The trial judge's statements improperly addressed the

merits of appellant's defense.  Appellant stipulated he was

banned from the city parks.  However, he sought to prove he did

not have the requisite intent to trespass based on his good

faith belief in and reliance on his counsel's advice.  The trial

judge stated, in the presence of the jury, the attorney's advice

had "nothing to do with" the case.  Appellant was entitled to

present evidence of a good faith belief in a claim of right to

go on park property.  However, the trial judge commented on the

weight and the quality of this evidence by stating appellant's

counsel's advice had no bearing on the case.  His statements

told the jury he did not believe appellant had a claim of right

or a good faith belief he could return to the parks, reaching

the very heart of appellant's defense.

- 5 -

Further, the trial judge suggested he himself had banned appellant from the city parks when he admonished White to tell the jury what the trial judge told appellant, that he remembered the case "very well." By implying that he had banned appellant from the parks, the trial judge effectively rebutted appellant's assertion and belief that once the 1998 case was not prosecuted no ban existed. In fact, appellant never appeared before the trial judge on that case.

His comments also undermined White's testimony by expressing his belief that White improperly handled the appeal and that he was uncooperative in answering the Commonwealth's questions. Such comments alluded to the trial judge's opinion as to White's credibility.

All of these comments reflect the trial judge was not impartial to the cause and, therefore, he prejudiced appellant's ability to defend the charge against him. For these reasons, we reverse the trial court's judgment and remand for a new trial.

## REFUSED JURY INSTRUCTION

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). Instruction No. 5 clearly recited the law as to criminal intent and the defense of

acting in good faith under a claim of right, although it may be mistaken. Appellant presented evidence of the basis for his good faith belief in his right to return to the city parks: the advice of his attorney. Appellant presented evidence that all contact with the Director of Parks and Recreation occurred prior to the dismissal of the 1998 charge. Appellant argued to the jury that he acted in good faith under a claim of right based on his attorney's advice.

The instructions clearly outlined the state of the law of trespass and addressed all issues raised by the evidence. Appellant's proposed instruction merely repeated the basic premise that an accused may have a mistaken belief in a claim of right to enter property. "If the principles set forth in a proposed instruction are fully and fairly covered in other instructions that have been granted, a trial court does not abuse its discretion in refusing to grant a repetitious instruction." Joseph v. Commonwealth, 249 Va. 78, 90, 452 S.E.2d 862, 870 (1995). Therefore, the trial court did not err by refusing appellant's proffered instruction on the defense of advice of counsel, since the facts in the record in this case were not such as to make the instruction correct. Based on this finding, we do not reach the merits of whether Virginia recognizes an affirmative defense of advice of counsel in criminal cases.

The judgment appealed from is therefore reversed, in part, and affirmed, in part, and the case remanded for a new trial.

<u>Affirmed in part, reversed in part, and remanded</u>.