COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Chaney and Frucci
Argued by videoconference

KENDISH HASSAN

MEMORANDUM OPINION[*] BY
v.       Record No. 1877-23-4          JUDGE VERNIDA R. CHANEY
                                        OCTOBER 21, 2025

RICHARD SCOTT TAKACS

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Angela L. Horan, Judge

Monroe A. Windsor (Compton & Duling, L.C., on brief), for
appellant.

John L. Bauserman, Jr. (Demetrios C. Pikrallidas; Pikrallidas &
Probasco, on brief), for appellee.


This appeal requires the Court to decide whether a FaceTime audio-video call falls within

the meaning of a "telephone conversation" under Code § 8.01-420.2.  The statute's first clause

limits admission of recorded telephone conversations as evidence in civil proceedings "unless . . . all

parties to the conversation were aware the conversation was being recorded,"—"demonstrated by a

declaration at the beginning."  During a divorce and custody trial, over mother's objection, the

circuit court admitted evidence of a FaceTime audio-video recorded conversation between father,

mother, and their children that father introduced.  However, mother and the children were unaware

that the conversation was being recorded, and the recording lacked the required declaration.

Because we decide, in a case of first impression, that a FaceTime audio-video call falls within the

meaning of a "telephone conversation" under Code § 8.01-420.2, this Court reverses and remands.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

The parties married in 2013. In 2016, they had twins—A.T. and G.T.[2] The parties

separated in April 2018. In May 2019, the juvenile and domestic relations district court awarded

mother sole legal and primary physical custody of the children. Father later sued mother for divorce

and sought legal and primary physical custody. That trial lasted three days. In the evening of the

second day of trial, G.T. made a FaceTime call to father using an iPad. Father answered the call on

his iPhone. A.T. and mother, who were with G.T., joined the conversation. Father's mother, the

children's grandmother, was with father and recorded the FaceTime conversation on a separate

device. Neither mother nor the children were informed that the conversation was being recorded.

Accordingly, the recording lacked a "declaration at the beginning" of the mother or children's

knowledge.

The next day at trial, father moved to introduce the recording into evidence. Mother initially

objected because she had not had the opportunity to view it. After a short recess to review the

recording, mother objected to its admission under Code § 8.01-420.2 because "at no point in time

was [mother] made aware that the recording was taking place."

Father's counsel replied that he "want[ed] to focus on the strict language, '[t]elephone

conversation.'" He stated that although he earlier referred to the FaceTime call as a phone call, "it's

---

[1] "We view the evidence, and reasonable inferences fairly deducible therefrom, in the light
most favorable to father as the prevailing party before the trial court." *Rainey v. Rainey*, 74
Va. App. 359, 368 n.1 (2022). When a trial court hears evidence ore tenus, its findings "will not be
disturbed on appeal unless they are plainly wrong or without evidence to support them." *Moore v.
Joe*, 76 Va. App. 509, 516 (2023) (citing *Gray v. Gray*, 228 Va. 696, 699 (1985)).
   Portions of the record in this case are sealed. "To the extent that certain facts mentioned
in this opinion are found in the sealed portions of the record, we unseal only those portions."
*Herbert v. Joubert*, 83 Va. App. 592, 603 n.1 (2025) (quoting *Chaphe v. Skeens*, 80 Va. App.
556, 559 n.2 (2024)).

[2] In reciting the facts, we use the minor children's initials, rather than their names, to
protect their privacy.

really not." He also asserted that if the legislature wanted the statute to include FaceTime calls, "they could have amended it in the last 15 years." Counsel added that he believed:

> The intent and purpose of the statute . . . based on its plain language is that . . . people have a reasonable expectation of privacy in this state that their telephone conversations, which I take to be holding a handset to your ear or having earbuds in or using a phone jack . . . where the people who are surrounding you can't hear what the other party's saying.

The Court requested authority to support counsel's representation about the statute's purpose. Counsel responded that it was his "inference based upon the way the statute is constructed."

In the end, the court admitted the FaceTime recording over mother's objection and held that the statute did not apply. After trial, the court issued its final letter opinion, finding:

> [I]t is in the children's best interest that joint legal custody of them be shared by their parents, with [father] to have final decision making authority for their educational, medical and social needs, following reasonable attempts to consult with [mother]. I further find that it is in the children's best interest for the primary physical custody to be with [father], with liberal visitation to [mother].

The court noted that its determination was based on the "factors set forth in Virginia Code [§] 20-124.3."

After assessing the factors, the court determined that "[b]oth parents are engaged in close relationships with both children, characterized by mutual love and respect." Still, the court concluded that father is "more attuned to [the children's] safety and protecting them from adult problems." The court referenced the FaceTime recording several times in its evaluation of the Code § 20-124.3 factors. This appeal followed.

ANALYSIS

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006) (quoting *Breeden v. Commonwealth*, 43 Va. App.

- 3 -

169, 184 (2004)).  "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."  *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006).  When the trial court makes an error of law in the admission of evidence, an abuse of discretion occurs.  *Helmick Fam. Farm, LLC v. Comm'r of Highways*, 297 Va. 777, 794 (2019) ("[A circuit] court by definition abuses its discretion when it makes an error of law. . . .  The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." (alterations in original) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008))).  "Under well-established principles, an issue of statutory interpretation is a pure question of law which [appellate courts] review de novo."  *Neal v. Fairfax Cnty. Police Dep't*, 299 Va. 253, 264 (2020).

I.  FaceTime Recording

Code § 8.01-420.2 provides:

> No mechanical recording, electronic or otherwise, of *a telephone conversation* shall be admitted into evidence in any civil proceeding unless (i) all parties to the conversation were aware the conversation was being recorded or (ii) the portion of the recording to be admitted contains admissions that, if true, would constitute criminal conduct which is the basis for the civil action, and one of the parties was aware of the recording and the proceeding is not one for divorce, separate maintenance or annulment of a marriage. The parties' knowledge of the recording pursuant to clause (i) shall be demonstrated by a declaration at the beginning of the recorded portion of the conversation to be admitted into evidence that the conversation is being recorded.

(Emphasis added).  The statute does not define the phrase "telephone conversation."

"When a word is not defined by statute, [appellate courts] normally construe it in accord with its ordinary or natural meaning."  *Boyd v. Commonwealth*, 72 Va. App. 274, 279 (2020) (quoting *Smith v. United States*, 508 U.S. 223, 228 (1993)).  "[W]e should avoid interpretations that 'would negate the legislative intent and would require an unreasonably restrictive interpretation of the statute.'"  *Friedman v. Smith*, 68 Va. App. 529, 539 (2018) (quoting *Grafmuller v. Commonwealth*, 57 Va. App. 58, 61 (2010)); *cf.* Antonin Scalia & Bryan Garner,

- 4 -

*Reading Law: The Interpretation of Legal Texts* 63 (2012) ("A textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored."). "In ascertaining such meaning, dictionary definitions and pertinent analysis in prior cases may be consulted." *Green v. Commonwealth*, 72 Va. App. 193, 203 (2020). Also, courts "may look to common usage to determine a term's plain meaning." *City of Va. Beach v. Mathias*, 85 Va. App. 94, 109 (2025).

As the phrase "telephone conversation" is not defined by the statute, we turn to its ordinary meaning. Dictionary definitions for telephone include "[a]n apparatus designed to convert sound, esp. speech, into electrical signals for the purpose of allowing two people to communicate verbally over a distance,"[3] "a device by which sound (such as speech) is converted into electrical impulses and transmitted (as by wire or radio waves) to one or more specific receivers,"[4] and "a device for speaking to someone in another place by means of electrical signals."[5] A video call is "a *phone call* that incorporates video technology, enabling participants to see and hear each other during the conversation." (Emphasis added).[6] Conversation has been defined as an "interchange of thoughts and words; familiar discourse or talk,"[7] "a talk between two or more people in which thoughts, feelings, and ideas are expressed, questions are asked and

---

[3] *Telephone*, *Oxford English Dictionary*, https://perma.cc/H8ML-9SSF.

[4] *Telephone*, *Merriam-Webster Dictionary*, https://perma.cc/B55F-ZK3D.

[5] *Telephone*, *Cambridge Dictionary*, https://perma.cc/23PA-WXQG.

[6] *Video Call*, *Oxford English Dictionary*, https://perma.cc/BP55-3QYG.

[7] *Conversation*, *Oxford English Dictionary*, https://perma.cc/P2KY-8CFR.

answered, or news and information is exchanged."[8]  The circuit court distinguished between

audio-only calls and audio calls that also include video, such as FaceTime.[9]  Yet the definitions

referenced above do not suggest that incorporating video in an audio call is incompatible with

the definitions for telephone or conversation.  Thus, the FaceTime audio-video call fits within the

ordinary meaning of "telephone conversation."

Common usage of the term "telephone" also supports the conclusion that a FaceTime call

falls within the meaning of "telephone conversation."  In Virginia domestic relations cases,

FaceTime and other audio-video calls are widely considered interchangeable with telephone calls.[10]

---

[8] *Conversation*, *Cambridge Dictionary*, https://perma.cc/D3LN-88NA.

[9] FaceTime is an application used for audio and video calls developed by Apple, Inc. *Grace v. Apple, Inc*., No. 17-CV-00551-LHK, 2019 U.S. Dist. LEXIS 143899, at *3 (N.D. Cal. Aug. 21, 2019) ("FaceTime is a video and audio conferencing feature that allows iPhone users to communicate via video calls, as opposed to traditional audio calls."); *United States v. Perrin*, 926 F.3d 1044, 1048 n.4 (8th Cir. 2019) ("FaceTime 'is a cell phone application that allows users to communicate over video.'" (citation omitted)); *Viera v. City of N.Y.*, 2017 U.S. Dist. LEXIS 113978, at *18 n.14 (S.D.N.Y. July 20, 2017) ("'FaceTime' is a smartphone application that allows callers to communicate through video calling."); *Perone v. State*, No. 14-12-00969-CR, 2014 Tex. App. LEXIS 4078, at *6 (Apr. 15, 2014) ("FaceTime is an application that allows individuals to make video calls from telephones."); *see also Heffron v. Heffron*, No. CJ11-89 & 95, 2013 Va. Cir. LEXIS 8, at *22 (Roanoke Cnty. Feb. 20, 2013) ("The parties often used 'Face[T]ime,' a computer program that allows them to see each other and interact."); *FaceTime, Britannica*, https://perma.cc/C2HY-U7G9 ("video and audio calling app developed by the technology company Apple Inc.").

[10] *See, e.g.*, *Hester v. Hester*, No. CL21-3281-00/01, 2022 Va. Cir. LEXIS 14, at *36 (Norfolk Mar. 4, 2022) ("Both parties are to have reasonable telephone and Face[T]ime (or similar application) contact with [child]."); *Flannagan v. Flannagan,* Civil Action No. 19-2161, 2020 Va. Cir. LEXIS 143, at *7 (Loudoun Cnty. Jan. 3, 2020) ("Husband shall have visitation with the Children . . . by Phone, Facetime or such other similar electronic communication."); *Santos v. Santos*, No. CL19-6233, 2019 Va. Cir. LEXIS 1726, at *9 (Prince William Cnty. Dec. 20, 2019) ("Both parents shall have reasonable telephone access of no more than once per day (may include Skype, FaceTime, etc.)."); *Goldman v. Goldman*, No. 108457, 2019 Va. Cir. LEXIS 1372, at *5-6 (Loudoun Cnty. Oct. 4, 2019) ("The Wife shall have Face[T]ime/telephone/other real time audio Communication with the children[.]"); *Burleson v. Cole*, No. CJ-1-15, 2019 Va. Cir. LEXIS 1178, at *9 (Orange Cnty. Dec. 17, 2019) ("Father shall make the minor child available for a telephone call/[F]ace[T]ime conversation with the mother[.]").

This aligns with practices in domestic relations cases across the United States.[11] The frequent and interchangeable use of "telephone" and FaceTime in legal opinions indicates that "telephone" is commonly understood to encompass situations where FaceTime may also be applicable.[12]

Code § 8.01-420.2 prohibits admission into evidence in any civil proceeding the (1) "mechanical recording, electronic or otherwise of" (2) a "telephone conversation" (3) "unless (i) all parties to the conversation," (4) "were aware the conversation was being recorded." In this case, it is undisputed that father introduced, and the circuit court admitted, a "mechanical recording." The plain meaning and common usage of "telephone conversation" includes

---

[11] *See, e.g.*, *Postemski v. Spencer*, No. TTD-FA21-5015261S, 2025 Conn. Super. LEXIS 537, at \*11 (Mar. 20, 2025) ("Defendant shall have reasonable daily telephone/FaceTime access to [child]."); *Zaorski v. Usner*, 382 So. 3d 959, 969 (La. App. 1 Cir. Oct. 31, 2023) (finding mother in contempt for "refusal to allow [father] reasonable phone/FaceTime contact [with child]"); *G.H. v. M.H.*, 172 N.Y.S.3d 919 (N.Y. Sup. Ct. Aug. 19, 2022) ("[R]equiring the parties to cooperate and facilitate daily phone/FaceTime contact with the children."); *Finch v. Duthie*, 167 N.E.3d 765 (Ind. Ct. App. 2021) ("Father and Child will spend portions of every year together and will be able to speak on the phone, facetime, or Zoom during the times they are apart."); *State v. Kopejtka*, 2021 Neb. Trial Order LEXIS 1081, \*1 (Sept. 2, 2021) ("Mother is required to contact the Father to exercise her phone/FaceTime visitation."); *Hampton v. Johnson*, 2021 Minn. Dist. LEXIS 16474, \*5 (July 9, 2021) (under "PHONE ACCESS WITH CHILDREN," the order provides, "Each party will have reasonable phone/Facetime access to the minor children during the other parents parenting time."); *Lion v. Lion*, 2017 Pa. Dist. & Cnty. Dec. LEXIS 9238, \*3 (Aug. 1, 2017) (under the heading "TELEPHONE ACCESS" the court states, "Mother and Father shall both enjoy reasonable phone/FaceTime contact with the children while the children are enjoying custody time with the other parent.").

[12] The parties' and court's usage also aligns with this common usage. Before mother objected to the recording, father's counsel often referred to FaceTime calls as phone calls— including when introducing the recording for admission. The court likewise used "telephone" broadly in its order, stating that each noncustodial parent may have one "telephone call" per day. Both parties testified that the children primarily contact father via FaceTime, and father stated he would facilitate contact with mother through FaceTime if granted primary custody. Given the context, it's unlikely the judge intended to limit communication to audio-only calls. Thus, the use of "telephone call" in the court's order reasonably includes FaceTime calls.

FaceTime communications. Mother and children were "parties to the conversation."[13] Finally, mother and the children were not informed or aware that the conversation was being recorded. Accordingly, the court erred by admitting the FaceTime audio-video recording in the divorce and custody hearing ("civil proceeding") where all parties to the conversation were not "aware the conversation was being recorded" and had not provided a "declaration" of "knowledge of the recording" at the "beginning of the recorded portion of the conversation."[14]

This Court's prior emphasis on device functionality further supports our interpretation. This Court considered the function of a device in determining its classification for statutory interpretation purposes in *Brewer v. Commonwealth*, 71 Va. App. 585, 590 (2020). In that case, this Court recognized "how smart phones can serve in a variety of ways." *Id.* at 594. This Court found that Brewer's cellular telephone met the statutory definition of a computer in Code § 18.2-152.2 because "the way in which the appellant used his iPhone in this instance, by accessing the Internet and using a mobile app to transfer money from one bank account to another, rendered it a computer for purposes of the Act." *Id.* at 595.[15]

---

[13] Although G.T. placed the call to father, mother participated in the call by communicating with other parties to the conversation. Father also conceded at trial that she was a "party" to the call.

[14] Nothing in the statutory language indicates that the child's iPad use on the other end or the use of video with audio alters our interpretation. In fact, the definition of video call includes a telephone call.

[15] *See also Commonwealth v. Wallace*, 303 Va. 378, 378 (2024) (affirming the dissenting opinion of Athey, J., in *Wallace v. Commonwealth*, 79 Va. App. 455 (2024) (en banc) that an ATM fell within the meaning of a "computer" in Code § 18.2-152.3 because the function or use of the ATM was not solely "to dispense cash funds" and instead could "conduct other transactions such as withdrawals, transfers, and account inquiries" and was "hard-wired to communicate with" defendant's bank as well as other banks).

Similarly, here, the function of father's iPhone and the children's iPad during the FaceTime call (allowing verbal communication over a distance) renders the devices "telephones" and the call a "telephone conversation" under Code § 8.01-420.2.

For the reasons stated, this Court finds that the recording of the FaceTime audio-video call introduced into evidence was a "telephone conversation." Mother argued at trial that "at no point in time was [mother] made aware that the recording was taking place." Father presented no evidence that the mother or children were aware of the recording. Accordingly, the circuit court abused its discretion by admitting the recording in violation of Code § 8.01-420.2.[16]

## II. Harmless Error

Finding that the circuit court abused its discretion does not end our analysis. Code § 8.01-678 requires this court to consider whether the error is harmless. *Spruill v. Garcia*, 298 Va. 120, 127 (2019) ("Code § 8.01-678 makes 'harmless-error review required in all cases.'" (quoting *Commonwealth v. White*, 293 Va. 411, 420 (2017))). "A non-constitutional error . . . is harmless

___

[16] The parties' arguments also touch on privacy. However, our review is restricted to the statutory text. The parties' arguments rely on statutory language and neither explicitly raises a constitutional concern. At trial, mother objected on statutory grounds, and father responded by urging the court to "focus on the strict language, '*[t]elephone conversation*.'" (Emphasis added). The parties framed privacy concerns in terms of statutory language and the mode of communication. As mother notes, the statute does not directly reference expectations of privacy and may reflect other legislative concerns (e.g., encouraging greater cooperation and communication in family law cases, discouraging parties from secretly recording and steering conversations to gain leverage in a case). Though father took a narrower view of "telephone conversation" (i.e., "holding a handset to your ear or having earbuds in or using a phone jack"), he admitted that the "intent and purpose of the statute" should be "based on its plain language." We infer legislative intent from the statute's plain language. *Yamaha Motor Corp. v. Quillian*, 264 Va. 656, 665 (2002) ("First and foremost, we endeavor to determine the intent of the General Assembly as gleaned from the words in the statute."). The doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available" and avoid "unnecessary adjudication of a constitutional issue." *Commonwealth v. Swann,* 290 Va. 194, 196 (2015) (citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 417 (2002) (noting the "obligation of the Judicial Branch to avoid deciding constitutional issues needlessly"). Because the plain language of the statute incorporates FaceTime calls, we need not decide whether the admission of the recording violated mother's constitutional right to privacy.

'[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" *Williams v. Commonwealth*, 71 Va. App. 462, 489 n.10 (2020) (second alteration in original) (quoting *Turman v. Commonwealth*, 276 Va. 558, 567 (2008)); *see also Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2002) (an appellate court can conclude that a non-constitutional harmless error occurred if satisfied "that the error did not influence the [factfinder] or had but slight effect"). "Accordingly, it is not enough for an appellant to demonstrate that a trial court erred; to be entitled to relief, [she] must demonstrate that the error was significant enough to merit reversal." *Welsh v. Commonwealth*, ___ Va. ___, ___ (Mar. 20, 2025). The circuit court's error "is presumed to be prejudicial unless it plainly appears that it could not have affected the result." *Hinkley v. Koehler*, 269 Va. 82, 92 (2005) (quoting *Spence v. Miller*, 197 Va. 477, 482 (1955)).

Code § 20-124 enumerates the factors that circuit courts must consider in determining the best interest of the children in custody determinations. *See, e.g.*, *Brandon v. Coffey*, 77 Va. App. 628, 636 (2023) ("Code § 20-124 lists ten factors that the courts 'shall consider' in determining a child's best interests.") Father argues admission of the recording was, at most, harmless error because it was "merely 'cumulative' of other, undisputed evidence." Father points to the court's determination that mother denied father visitation and subjected their daughter to unnecessary medical examinations. However, the court's letter opinion demonstrates that the FaceTime recording affected the court's determination of custody.

The court found that "[b]oth parents are engaged in close relationships with both children, characterized by mutual love and respect," but concluded that father is "more attuned to [the children's] safety and protecting them from adult problems." The court's opinion letter references the FaceTime recording as a prime example of mother prioritizing her dispute with father over

the well-being of her children. The court noted, "[Mother] was yelling, demanding that [father] explain himself to the child and cross examining her crying, upset child."

The court also relied in significant part on the video to support its determination that "father prioritizes the needs of his children." The court explained that in the video, "[father] focused on his upset daughter rather than on [mother], speaking to the child calmly, making no demands that she answer . . . . He reassured the child several times." The court further noted, "The child visibly calmed when she was talking with her father."[17]

The letter opinion also suggests that the FaceTime recording affected the court's assessment of other evidence. The court discussed mother's "reluctance (if not outright refusal) to allow [father] visitation" during the pandemic until he supplied negative results on a COVID test. The court found that the actions, "standing by themselves, [could] be taken as vigilance." The court determined, however, that "*placed in the context of the other behavior she has engaged in*," mother's behavior "amount[ed] to unreasonably denying access to the children." (Emphasis added).

"Under the doctrine of harmless error, [the appellate court] will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the court's result." *Galiotos v. Galiotos*, 300 Va. 1, 15 (2021) (quoting *Forbes v. Rapp*, 269 Va. 374, 382 (2005). Here, we cannot conclude that admission of the recording was harmless because it affected the court's assessment of best interests of the children and the result reached.[18]

---

[17] The court placed considerable emphasis on father's positive behavior and mother's negative behavior. Yet the court failed to acknowledge that, unlike mother, father was aware he was being recorded—a fact that could reasonably be expected to influence a person's behavior.

[18] Father also requests he be awarded appellate attorney fees. This court's decision to award attorney fees on appeal is discretionary. *Koons v. Crane*, 72 Va. App. 720, 742 (2021). In its determination, the Court considers "all the equities of the case." Rule 5A:30(b)(2)(C). Considering all the equities of this case, we deny father's request.

CONCLUSION

A FaceTime audio-video call falls within the meaning of a "telephone conversation" under Code § 8.01-420.2. Thus, the circuit court abused its discretion in admitting the FaceTime recording into evidence, and that error was not harmless. Accordingly, this Court reverses the judgment and remands the matter for further proceedings consistent with this opinion.

*Reversed and remanded.*